**ALBERT GIVEN MANUFACTURING CO., Inc., Appellant,**

v.

**J. H. DANIEL dba Daniel's Menswear, Appellee.**

**No. 11362.**

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1966.

J. W. Thomas, Belton, for appellant.

Taylor & Taylor, Henry R. Taylor, Jr., Temple, for appellee.

ARCHER, Chief Justice.

On June 13, 1960 the appellee gave to appellant an order for merchandise in the sum of $861.00, to be closed by two shipments; one in August and one in the Fall of that year. The first shipment of goods was of the value of $339.00 which was accepted and paid for by appellee. The second shipment, for which there was a charge of $542.00, was refused by appellee.

The trial was had without the aid of a jury and judgment was rendered denying recovery.

The appeal is based on the assigned errors of the trial court in admitting testimony as to an understanding that the order could be canceled and as to custom and usage in the sale and purchase of merchandise in the Temple area.

The plaintiff offered in evidence the deposition of Walter W. Melander, who testified that he was credit manager for plaintiff and was conversant with the order involved herein, which was received on June 16, 1960, and that an initial shipment was made for a part of the order on July 29, 1960 aggregating 50 units and for $339.-50. This shipment invoice was paid on October 26, 1960, and on the same date the second shipment was made but was refused by defendant, and the invoice for $459.50 was not paid.

On August 8, 1960 the defendant wrote the plaintiff that the first shipment came in fine, and that business was very slow and that he would appreciate the holding of the balance of the shipment until further notice.

In reply to defendant's letter plaintiff stated that shipment would be held up until they had authorization continue, and that the company would continue processing the order because it was not subject to cancellation.

On October 20, 1960 defendant by letter notified plaintiff to cancel the balance of his order.

On October 26, 1960 plaintiff wrote the defendant that the company would be unable to accept cancellation of the order.

The second shipment was made and refused and by letter dated November 4, 1960, the plaintiff wrote defendant they had been advised of the refusal of the shipment.

The order was offered in evidence and shows the style number and price of the several pieces of merchandise. The order has a provision, reading:

"THIS ORDER IS GIVEN AND ACCEPTED UNDER THE FOLLOWING CONDITIONS

1. This order is not subject to cancellation.

2. If the production of our factory shall be curtailed by strikes, lockouts or any unavoidable casualties, deliveries shall only be demanded proportionate to the production.

3. Goods shall not be returned without written permission."

Such order was not signed by the defendant at the time it was given but subsequent letters recognize such as to be a genuine order.

The defendant J. H. Daniel testified as to the order and that at the time he placed the order he intended to pay for it, and that he instructed shipments to be made a part in July or August and the other part later in the Fall. The witness identified the several letters written by him.

■ Since Mr. Daniel testified that at the time the order was given it was genuine and he intended at that time to pay for it, evidence as to custom and usage was not admissible.

The testimony as to custom and usage was by Mr. Troy Dean, a representative of the plaintiff in securing the order, who testified on cross-examination:

"Q Mr. Dean, was that specifically discussed there between you and Mr. Daniel that afternoon?

A No, sir.

Q Or were you just going by custom?

A No, sir. It is usually discussed at the beginning when you first start with a line, to selling a store a line, as to what kind of people they are, and as to whether they will cooperate with you and work with you. That is when your customs are discussed and worked out at that time. That is the story on it.

Q There was no specific discussion or understanding when you took that order to that effect, was there?

A Not on this particular order because it was discussed before.

Q Well, all right, but we were just talking about on this specific occasion now?

A Yes, sir.

Q And there wasn't any such discussion about it, or any such understanding about it at all at the time that this order came into existence, was there?

A No, sir, there wasn't."

There is no question but that the invoice for $459.50 is the price of the goods and that such has not been paid, nor have the transportation costs amounting to $83.28 been paid.

The balance of the shipment is shown to be held in storage for the benefit of the defendant by plaintiff.

The judgment of the trial court is reversed and judgment here rendered for the plaintiff for its debt.

Reversed and rendered.